E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-08-3739-GHK (PJWx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | *Hypertouch Inc. v. Azoogle, Inc., et. al.* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers) Order re: Motions to Transfer Venue and For Sanctions and Request for Judicial Notice

    This matter is before the Court on Defendant Azoogle Inc.'s ("Azoogle") Motions to Transfer Venue and for Sanctions, and Request for Judicial Notice ("Motions"). We have considered the papers filed in support of and opposition to the Motions, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. Because the parties are familiar with the facts in this case they will be repeated only as necessary. Accordingly, we rule as follows:

**I.    Introduction**

    On April 15, 2008, Plaintiff Hypertouch ("Plaintiff") filed its initial complaint in California superior court. On June 6, 2008, Azoogle removed the action here. On August 4, 2008, we remanded this case for lack of subject matter jurisdiction because Defendants failed to prove Plaintiff's citizenship in response to our Order to Show Cause re: Jurisdiction ("OSC"). Before we remanded, but after we issued the OSC, Plaintiff filed a First Amended Complaint ("FAC") removing Defendants Rock Holdings and Intuit Inc., and adding Defendant SubscriberBASE Inc. ("Subscriberbase") with Defendants Quicken Loans Inc. ("Quicken") and Azoogle (collectively "Defendants"). Subscriberbase then re-removed this action on September 3, 2008. In Subscriberbase's Notice of Removal, Subscriberbase adequately showed that, for diversity purposes, Plaintiff is, in fact, a California citizen and that it is a South Carolina citizen. (Notice of Removal ¶¶ 7-8). Now before the Court are Azoogle's Motions, joined by Subscriberbase and Quicken.

**II.    Venue Transfer**

    **A.    Legal Standard**

    Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Accordingly, we have discretion "to adjudicate motions for transfer according to an

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-08-3739-GHK (PJWx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | *Hypertouch Inc. v. Azoogle, Inc., et. al.* | | |

individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The purpose of § 1404(a) is to prevent wastes of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

When considering convenience, § 1404(a) requires us to weigh multiple factors, both public and private, in our determination of whether transfer is appropriate in a particular case. Here, relevant private factors include the convenience to the parties and witnesses, the relative ease of access to sources of proof, and the availability of compulsory process for unwilling witnesses. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Relevant public factors in this case include administrative difficulties flowing from court congestion, local interest in having a controversy decided at home, and the unfairness of burdening citizens in an unrelated forum with jury duty. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n.6 (1981); *Decker Coal Co.,* 805 F.2d at 843.

      **B.**      **"Might Have Been Brought"**

As an initial matter, this action could have been brought in the Northern District of California ("Northern District"). The Northern District would have subject matter jurisdiction over this case under diversity jurisdiction and personal jurisdiction would be the same there as it would here. Venue would also have been appropriate in the Northern District because the Northern District is where "a substantial part of the events" on which the claim is based occurred. *See* 28 U.S.C. § 1391(a)(2).

      **C.**      **Application of §1404(a) Standards**

            **1.**      **The Presumption Favoring Plaintiff's Choice of Forum**

Normally, there is a strong presumption in favor of a plaintiff's choice of forum. *Getz v. Boeing Co.*, 547 F. Supp. 2d 1080, 1082–83 (N.D. Cal. 2008). There are situations, however, where a plaintiff's choice of forum is accorded little weight. *See*, *e.g.*, *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). "If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." *Id.* Nevertheless, transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer. *See Van Dusen*, 376 U.S. at 646.

Here, Plaintiff does not reside in the forum. It resides in the Northern District. Plaintiff has one office, located in Menlo Park, California, and its servers and email are also located in the Northern District. Moreover, Defendants are all out-of-state residents. They purportedly sent e-mails from outside California to Plaintiff's servers located in the Northern District, which allegedly caused Plaintiff harm. Furthermore, all of Plaintiff's customers that could have been harmed were harmed in the Northern District. Because Plaintiff is not from the Central District of California ("Central District") and none of the operative facts occurred within this district, Plaintiff's choice of forum is entitled only minimal deference, if any.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-08-3739-GHK (PJWx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | *Hypertouch Inc. v. Azoogle, Inc., et. al.* | | |

//
//
//

      **2.**      **Private Factors**

    Plaintiff is headquartered in Menlo Park, California. Defendants are all located out of state. While Plaintiff is willing to litigate this action in the Central District, it is neither more, or less, convenient for Defendants to try this case in the Central District, rather than the Northern District.[1] Neither Plaintiff nor Defendants have identified any witnesses, other than one party witness, who is located in the Northern District.[2] Lastly, although Defendants argue that Plaintiff's email servers and data are in the Northern District, most of the information in this case can be transferred electronically, and any inspection of Plaintiff's electronic hardware located in the Northern District would provide little inconvenience to Defendants, were they forced to inspect such hardware onsite. Accordingly, the private factors are neutral and do not favor, or disfavor, transfer.

      **3.**      **Public Factors**

          a)      Court Congestion

    Court congestion may be a relevant factor when other factors also favor transfer. *See Decker Coal Co.,* 805 F.2d at 843. Here, according to the U.S. Courts, Federal Court Management Statistics for the twelve-month period ending September 30, 2007, the median time from filing to disposition and the time to trial in civil cases are substantially the same in the two districts, as is the relative court congestion, when vacant judgeship months are also considered.[3]

---

[1] Although the parties spend a great deal of time discussing where counsel for each are located, the District Courts in the Ninth Circuit and an overwhelming majority of courts in the country do not consider the convenience of counsel as a relevant § 1404(a) factor. *See Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1195–96 (S.D. Cal. 2007)*; Fabus Corp v. Asiana Express Corp.,* 2001 WL 253185 at *2 (N.D. Cal. Mar. 5, 2001); *E. & J. Gallo Winery v. F. & P. S.p.A*, 899 F. Supp 465, 466 (E.D. Cal. 1994).

[2] In establishing inconvenience to witnesses, the moving party must name the witnesses, state their location, and explain their testimony and its relevance. *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1049 (N.D. Cal. 2001). Plaintiff provides a list of 26 "potential witnesses" that all are located in the Central District. Plaintiff's list is pure speculation. It does not explain what these witnesses testimony would be, much less the relevance of any such testimony.

[3] http://www.uscourts.gov/cgi-bin/cmsd2007.pl. The Court takes judicial notice of the current vacancies in the Central District.

E-Filed
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-08-3739-GHK (PJWx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | *Hypertouch Inc. v. Azoogle, Inc., et. al.* | | |

  b)  Imposition of Jury Duty and Local Interests In Having Localized Controversies Decided At Home

  Plaintiff seeks judicial review of potentially hundreds of thousands of emails sent from across the country to email servers and hardware in the Northern District, that allegedly hurt businesses located in the Northern District.  The public factors of "having localized controversies decided at home" and in avoiding "burdening citizens in an unrelated forum with jury duty" weigh heavily in favor of transfer. *Ctr. for Biological Diversity v. Rural Utils. Serv.*, 2008 WL 2622868, at *1 (N.D. Cal. 2008); *see also Decker Coal Co*, 805 F.2d at 843 (identifying factors); *Trout Unlimited v. United States Dep't of Agriculture*, 944 F. Supp. 13, 19 (D. D.C.1996) (noting interest in having localized controversies decided at home is "compelling").  The Northern District has an interest in deciding this controversy, the Central District does not.  There is simply no reason why a jury panel from the Central District should be burdened with hearing this case, when the operative facts and injuries all occurred in the Northern District.

  Accordingly, while the private factors are neutral as to venue transfer, the public factors weigh heavily in favor of transfer.  We exercise our discretion to transfer this action.  Azoogle's Motion for transfer of venue to the Northern District of California is **GRANTED.**

### III. Sanctions

  Under 28 U.S.C. § 1927, any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Defendants have not made the requisite showing that Plaintiff was engaged in bad faith, or that Plaintiff was unreasonable in bringing this action in the Central District.  Therefore, Azoogle's Motion for sanctions is **DENIED.**

### IV. Judicial Notice

  Azoogle's request for judicial notice is thereby **DENIED** as moot because we find such documents unnecessary to our decision on the transfer motion.

### V. Conclusion

  Having considered all the relevant factors, we conclude that transfer of this action is appropriate under 28 U.S.C. § 1404(a).  Accordingly, Azoogle's Motion to Transfer is hereby **GRANTED**.  Azoogle's Motions for Sanctions and Judicial Notice are **DENIED.**  As such, this case is hereby **TRANSFERRED** to the United States District Court for the Northern District of California.  The clerk is directed to effect this transfer forthwith.  Azoogle's Motion to Dismiss, set for hearing on November 3, 2008, is hereby taken off calender and **DENIED** as moot in light of this order.

  **IT IS SO ORDERED.**

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV-08-3739-GHK (PJWx) | Date | October 21, 2008 |
| Title | *Hypertouch Inc. v. Azoogle, Inc., et. al.* | | |

|  |  |  |
|---|---|---|
|  | 0 : 00 |  |
| Initials of Deputy Clerk | Bea |  |