IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYPERTOUCH, INC., | No. C-08-4970 MMC |
|     Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE** |
|   v. | |
| AZOOGLE.COM, INC., et al., | |
|     Defendants | |

    Before the Court is Defendant Azoogle.com, Inc's ("Azoogle") "Motion to Dismiss, Motion for More Definite Statement, and Motion to Strike Pursuant to Fed. R. Civ. P. 12(b)(6), 12(e), and 12(f)," filed September 10, 2008 in the Central District of California. The motion was fully briefed during the period in which the above-titled action was pending in the Central District. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

    1. Although, as plaintiff Hypertouch, Inc. ("Hypertouch") correctly notes, it has not pleaded an express claim for fraud, each of the three causes of action in the First Amended Complaint ("FAC"), as pleaded, sound in fraud. (See, e.g., FAC ¶ 104 (alleging defendants sent "fraudulent" emails), FAC ¶ 105 (alleging Hypertouch received "fraudulent" emails sent by defendants), FAC ¶ 107 (alleging defendants sent emails "to trick"

---

[1] By order filed February 27, 2009, the Court took the matter under submission.

Hypertouch), FAC ¶ 110 (alleging Hypertouch received from defendants emails that "intentionally misrepresented . . . a material fact . . . with the intention of depriving a person of property or legal rights or otherwise causing injury"), FAC ¶ 111 (alleging defendants' emails have "harmed and continue to harm Hypertouch"); see also FAC ¶¶ 117, 128, 134 (alleging, respectively, that First, Second, and Third Causes of Action are based on all prior allegations in FAC).) As a consequence, Hypertouch's claims must be pleaded in conformity with Rule 9(b). See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (holding where plaintiff bases any claim on allegation defendant "engaged in fraudulent conduct," plaintiff is required to comply with Rule 9(b)). Because the FAC does not approach the level of particularity required by Rule 9(b), the FAC is subject to dismissal.[2] (See, e.g., FAC ¶ 121 (alleging "e-mail advertisements for or received from [d]efendants and/or their agents contained or were accompanied by the fraudulent and false use of a third-party's domain name," but not alleging the person(s) who specifically engaged in such conduct and how the use of a third-party domain name was "fraudulent and false").)[3]

Accordingly, each of the claims alleged in the FAC is subject to dismissal for failure to comply with Rule 9(b).

2. Contrary to Hypertouch's argument, the First Cause of Action, by which Hypertouch alleges violations of § 17529.5(a) of the California Business & Professions Code, is, in part, subject to dismissal as barred by the statute of limitations. In particular, the First Cause of Action includes both a claim for "actual damages" under § 17529.5(b)(1)(B)(i) and a claim for "liquidated damages" under § 17529.5(b)(1)(B)(ii).

---

[2] To the extent Hypertouch argues it is sufficient, for Rule 9(b) purposes, to provide examples of fraudulent statements and/or conduct, Hypertouch is incorrect. Even assuming, arguendo, its allegations pertaining to eleven specific emails referenced in the FAC would be sufficient to plead a claim sounding in fraud based on those eleven emails, "all averments of fraud" must be pleaded in conformity with Rule 9(b). See Vess, 317 F.3d at 1104.

[3] In light of the dismissal of the FAC, the Court has not addressed Azoogle's alternative requests for a more definite statement and for an order striking assertedly immaterial allegations.

The claim for liquidated damages is not, contrary to Hypertouch's argument, subject to the four-year statute of limitations provided in § 17208. Section 17208 only applies to causes of action set forth in Division 7, Part 2, Chapter 5, see Cal. Bus. & Prof. Code § 17208, and, as Azoogle points out, § 17529.5 is set forth in a different chapter, specifically, Division 7, Part 3, Chapter 1, see Cal. Bus. & Prof. Code § 17529.5. Consequently, the claim for liquidated damages is subject to a one-year statute of limitations, because, if Hypertouch establishes its claim, an award of liquidated damages is mandatory and, further, such recovery would constitute a penalty because Hypertouch is entitled to recover both its actual damages and an award of liquidated damages. See Cal. Code Civ. Proc. § 340(a) (providing "action upon a statute for a penalty" is subject to one-year statute of limitations); Cal. Bus. & Prof. Code § 17529.5(b)(1)(B) (providing where plaintiff establishes violation of § 17529.5(a), plaintiff entitled to receive award of "liquidated damages" of $1000 and its actual damages); G.H.I.I. v. MTS, Inc., 147 Cal. App. 3d 256, 277-79 (1983) (holding "statutes which provide for recovery of damages additional to actual losses incurred" are "penal in nature"; stating that although claim for actual losses is subject to § 338's three-year statute of limitations, claim for recovery of damages in addition to actual losses is subject to § 340(a)'s one-year statute of limitations).[4]

        Accordingly, to the extent Hypertouch's claim for liquidated damages is based on Hypertouch's having received emails before April 15, 2007[5] (see FAC ¶¶ 39 (alleging "[b]etween April 15, <u>2004</u> and continuing to the present, Hypertouch received over 380,000 e-mails attributable to [d]efendants")), the claim for liquidated damages included in the First

---

[4] Relevant case authority is contrary to Hypertouch's argument that the penalty provided under § 17529.5(b)(1)(B)(ii) is not "mandatory" because a court under some circumstances must reduce the amount of liquidated damages awarded thereunder. See TJX Cos. v. Superior Court, 163 Cal. App. 4th 80, 86 (2008) (holding claim for statutory penalty subject to one-year statute of limitations where, upon establishment of liability, penalty "must be imposed" even though "amount of the penalty is within the discretion of the court"). Further, Hypertouch's argument that a plaintiff has the option to chose whether to allege a claim for liquidated damages misses the point; if, as here, the plaintiff does allege such claim and, further, is able to establish a violation of § 17529.5(a), an award of liquidated damages is mandatory.

[5] The initial complaint was filed April 15, 2008.

1  Cause of Action is subject to dismissal without leave to amend.

2        3.  Contrary to Azoogle's argument, the Court cannot find, from the face of the FAC
3  and any judicially-noticeable documents, that Hypertouch's claims are barred, either in
4  whole or in part, by a judgment entered on a final decision issued by the Superior Court of
5  California against James Joseph Wagner ("Wagner") in an action Wagner filed against two
6  of the defendants named herein.  (See Def.'s Req. for Judicial Notice, filed September 9,
7  2008, Exs. A, B.)  Specifically, the Court has insufficient evidence to determine at the
8  pleading stage whether Hypertouch is the alter ego of or otherwise in privity with Wagner.
9  See, e.g., Teitelbaum Furs, Inc. v. Dominion Ins. Co., 58 Cal.2d 601, 603-04 (1962)
10 (holding plaintiffs' claim barred by "collateral estoppel," where plaintiffs' "alter ego" had
11 previously litigated and lost same issue presented in plaintiffs' claim); Stafford v. Russell,
12 117 Cal. App. 2d 319, 320 (1953) (holding where plaintiff in second action "controlled"
13 conduct of party in first action, plaintiff was "bound" by judgment entered in first action).

14       4.  Contrary to Azoogle's argument, the Court cannot find, from the face of the FAC
15 and any judicially-noticeable documents reflecting the dismissal with prejudice of two small
16 claims actions filed by Hypertouch against Azoogle, that Hypertouch's claims are barred,
17 either in whole or in part, by the doctrine of claim preclusion.  (See Def.'s Req. for Judicial
18 Notice, filed September 9, 2008, Ex. F, unnumbered fifth and sixth pages.)  Although,
19 contrary to Hypertouch's argument, the defense of claim preclusion can be based on a final
20 judgment issued by a small claims court, see Pitzen v. Superior Court, 120 Cal. App. 4th
21 1374, 1381 (2004), and a dismissal with prejudice constitutes a final judgment for purposes
22 of claim preclusion, see Roybal v. University Ford, 207 Cal. App. 3d 1080, 1085-86 (1989),
23 Azoogle has not offered the complaints filed by Hypertouch in small claims court or
24 otherwise established with "clarity and certainty" the nature of the claims that were asserted
25 by Hypertouch therein.  See Clark v. Bear Stearns & Co., 966 F.2d 1318, 1321 (9th
26 Cir.1992) (holding "party asserting preclusion bears the burden of showing with clarity and
27 certainty what was determined by the prior judgment").

28 //

5. Contrary to Azoogle's argument, the First Cause of Action, to the extent Hypertouch seeks to establish thereby Azoogle's liability for emails that do not advertise Azoogle's own products or services, is not subject to dismissal for failure to state a claim. Section 17529.5(a) makes it "unlawful for any person or entity to advertise in a commercial e-mail advertisement sent from California or sent to a California electronic mail address," where such advertisement contains certain false or misleading statements, see Cal. Bus. & Prof. Code § 17529.5(a), and includes no requirement that the "person or entity" must have been advertising its own products or services, see id.

6. Contrary to Azoogle's argument, the First Cause of Action, to the extent it is based on a violation of § 17529.5(a)(1), is not subject to dismissal without leave to amend as preempted by the CAN-SPAM Act of 2003, 15 U.S.C. §§ 7701-7713 ("CAN-SPAM"). Azoogle argues that a claim under § 17529.5(a)(1) is preempted where the plaintiff does not allege the defendant made a false statement and acted with a fraudulent intent. Here, however, Hypertouch's claim is based on the allegation that the subject emails contained "fraudulent and false" statements (see FAC ¶121) and that Azoogle acted with the intent to "trick" Hypertouch (see FAC ¶ 107). Although, as discussed above, Hypertouch has failed to allege its claims, including its claim under § 17529.5(a)(1), in conformity with Rule 9(b), Azoogle has not shown Hypertouch is unable to amend to allege a claim under § 17529.5(a)(1) that would not be preempted by CAN-SPAM.

7. Contrary to Azoogle's argument, the Third Cause of Action, by which Hypertouch alleges a claim for trespass to chattels, is not preempted by CAN-SPAM. See 15 U.S.C. § 7707(b)(2)(A) (providing CAN-SPAM does not preempt state "trespass" laws).

**CONCLUSION**

For the reasons stated above, Azoogle's motion is hereby GRANTED, and the First Amended Complaint is hereby DISMISSED, as follows:

1. To the extent the First Cause of Action includes a claim for liquidated damages based on violations of § 17529.5(a) occurring more than one year before the date the initial complaint was filed, the First Cause of Action is hereby DISMISSED without leave to

5

amend.

    2. In all other respects, the causes of action alleged in the FAC are hereby DISMISSED with leave to amend, specifically, to allege claims in conformity with Rule 9(b).

    3. No later than April 10, 2009, Hypertouch may file a Second Amended Complaint.

    4. The Case Management Conference is hereby CONTINUED from March 27, 2009 to May 29, 2009; a Joint Case Management Statement shall be filed no later than May 22, 2009.

**IT IS SO ORDERED.**

Dated: March 19, 2009

MAXINE M. CHESNEY
United States District Judge