IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYPERTOUCH, INC., | No. C-08-4970 MMC |
| Plaintiff, | **ORDER DISMISSING ACTION** |
| v. | |
| AZOOGLE.COM, INC., et al., | |
| Defendants / | |

By order filed March 19, 2009, the Court dismissed plaintiff's First Amended Complaint ("FAC"). Specifically, the Court dismissed without leave to amend the First Cause of Action to the extent it included a claim for liquidated damages based on violations of § 17529.5(a) of the California Business & Professions Code occurring more than one year before the date the initial complaint was filed. Further, the Court dismissed with leave to amend the remaining causes of action, in light of plaintiff's having based each of its claims on allegations of fraudulent conduct and having failed to allege fraudulent conduct in conformity with Rule 9(b) of the Federal Rules of Civil Procedure. (See, e.g., FAC ¶ 137 (basing claim for "trespass to chattels" on allegation "[d]efendants and/or their agents fraudulently perpetrated their actions by sending e-mails with fraudulent and intentionally deceptive characteristics").)

Before the Court is plaintiff's "Notice of Intent Not to File Amended Complaint," filed

April 10, 2009, in which plaintiff states it has "decided not to further amend its Complaint."

Because plaintiff has declined to either amend to plead its fraudulent conduct allegations with the particularity required by Rule 9(b) or, to the extent fraud is not an essential element of any of its claims, to amend to delete its references to fraudulent conduct, the Court hereby DISMISSES the remaining claims without further leave to amend. See In re Daou Systems, Inc., 411 F.3d 1006, 1028 (9th Cir. 2005) (holding where plaintiff bases claim on allegation of fraudulent conduct, even though fraud is not "essential element" of claim, and claim is dismissed with leave to amend for failure to allege claim in conformity with Rule 9(b), plaintiff may submit amended complaint that either "pleads with the requisite particularity or drops the defective allegations [of fraud] and still states a claim").

**IT IS SO ORDERED.**

Dated: April 23, 2009

MAXINE M. CHESNEY
United States District Judge