ORIGINAL

Lawrence P. Riff (State Bar No. 104826)
lriff@steptoe.com
Lynn R. Levitan (State Bar No. 176737)
llevitan@steptoe.com
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 700
Los Angeles, California 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

Thomas M. Barba (admitted *pro hac vice*)
John J. Duffy (admitted *pro hac vice*)
Anthony A. Onorato (admitted *pro hac vice*)
Jennie Kneedler (admitted *pro hac vice*)
**STEPTOE & JOHNSON LLP**
1330 Connecticut Ave., NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

Attorneys for Plaintiff
HYPERTOUCH, INC.

FILED
09 MAY -6 AM 10:58
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYPERTOUCH, INC., a California Corporation, | Case No.: CV-08-4970 MMC |
| Plaintiff, | **NOTICE OF APPEAL** |
| vs. | (Assigned to Hon. Maxine M. Chesney) |
| AZOOGLE.COM, INC., d/b/a Epic Advertising, Inc., AZOOGLEADS USA INC., d/b/a Epic Advertising, Inc., QUICKEN LOANS, INC., SUBSCRIBERBASE, INC., d/b/a Addrive.com, CONSUMER RESEARCH CORPARTION, INC., FREE SLIDE, INC., SUBSCRIBERBASE HOLDINGS, INC., and DOES 6-10, | |
| Defendants. | |

1
PLAINTIFF HYPERTOUCH, INC.'S NOTICE OF APPEAL — CV-08-04970 MMC

1  Notice is hereby given that plaintiff Hypertouch, Inc. appeals to the
2  United States Court of Appeals for the Ninth Circuit from the Judgment
3  entered in this action on April 28, 2009 and the Orders made and entered in this
4  action on April 23, 2009 and March 19, 2009, dismissing the complaint.
5  (Docket Nos. 102, 101, 99).

Dated: May 5, 2009               Respectfully submitted,

                                 STEPTOE & JOHNSON LLP

                                 _____
                                 Lawrence P. Riff
                                 Lynn R. Levitan
                                 STEPTOE & JOHNSON LLP
                                 633 W 5th Street, Suite 700
                                 Los Angeles, CA 90071
                                 Telephone: (213) 439-9400
                                 Facsimile: (213) 439-9599


                                 Thomas M. Barba (admitted *pro hac vice*)
                                 John J. Duffy (admitted *pro hac vice)*
                                 Anthony A. Onorato (admitted *pro hac vice)*
                                 Jennie Kneedler (admitted *pro hac vice*)
                                 STEPTOE & JOHNSON LLP
                                 1330 Connecticut Ave., NW
                                 Washington, DC 20036
                                 Telephone: (202) 429-3000
                                 Facsimile: (202) 429-3902

                                 *Attorneys for Plaintiff HYPERTOUCH, INC.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HYPERTOUCH, INC.,

        Plaintiff,

v.

AZOOGLE.COM, INC., et al.,

        Defendants.
_____/

No. CV-08-4970 MMC

**JUDGMENT IN A CIVIL CASE**

( ) **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

(X) **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS SO ORDERED AND ADJUDGED** the Court hereby DISMISSES the remaining claims without further leave to amend.

Dated: April 28, 2009

Richard W. Wieking, Clerk

*Tracy Lucero*

By: Tracy Lucero
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYPERTOUCH, INC., | No. C-08-4970 MMC |
| Plaintiff, | **ORDER DISMISSING ACTION** |
| v. | |
| AZOOGLE.COM, INC., et al., | |
| Defendants / | |

By order filed March 19, 2009, the Court dismissed plaintiff's First Amended Complaint ("FAC"). Specifically, the Court dismissed without leave to amend the First Cause of Action to the extent it included a claim for liquidated damages based on violations of § 17529.5(a) of the California Business & Professions Code occurring more than one year before the date the initial complaint was filed. Further, the Court dismissed with leave to amend the remaining causes of action, in light of plaintiff's having based each of its claims on allegations of fraudulent conduct and having failed to allege fraudulent conduct in conformity with Rule 9(b) of the Federal Rules of Civil Procedure. (See, e.g., FAC ¶ 137 (basing claim for "trespass to chattels" on allegation "[d]efendants and/or their agents fraudulently perpetrated their actions by sending e-mails with fraudulent and intentionally deceptive characteristics").)

Before the Court is plaintiff's "Notice of Intent Not to File Amended Complaint," filed

1  April 10, 2009, in which plaintiff states it has "decided not to further amend its Complaint."

2  Because plaintiff has declined to either amend to plead its fraudulent conduct
3  allegations with the particularity required by Rule 9(b) or, to the extent fraud is not an
4  essential element of any of its claims, to amend to delete its references to fraudulent
5  conduct, the Court hereby DISMISSES the remaining claims without further leave to
6  amend. See In re Daou Systems, Inc., 411 F.3d 1006, 1028 (9th Cir. 2005) (holding where
7  plaintiff bases claim on allegation of fraudulent conduct, even though fraud is not "essential
8  element" of claim, and claim is dismissed with leave to amend for failure to allege claim in
9  conformity with Rule 9(b), plaintiff may submit amended complaint that either "pleads with
10 the requisite particularity or drops the defective allegations [of fraud] and still states a
11 claim").

12 **IT IS SO ORDERED.**

14 Dated: April 23, 2009

MAXINE M. CHESNEY
United States District Judge

2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYPERTOUCH, INC., | No. C-08-4970 MMC |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE** |
| v. | |
| AZOOGLE.COM, INC., et al., | |
| Defendants | |

    Before the Court is Defendant Azoogle.com, Inc's ("Azoogle") "Motion to Dismiss, Motion for More Definite Statement, and Motion to Strike Pursuant to Fed. R. Civ. P. 12(b)(6), 12(e), and 12(f)," filed September 10, 2008 in the Central District of California. The motion was fully briefed during the period in which the above-titled action was pending in the Central District. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

    1. Although, as plaintiff Hypertouch, Inc. ("Hypertouch") correctly notes, it has not pleaded an express claim for fraud, each of the three causes of action in the First Amended Complaint ("FAC"), as pleaded, sound in fraud. (See, e.g., FAC ¶ 104 (alleging defendants sent "fraudulent" emails), FAC ¶ 105 (alleging Hypertouch received "fraudulent" emails sent by defendants), FAC ¶ 107 (alleging defendants sent emails "to trick"

---

[1] By order filed February 27, 2009, the Court took the matter under submission.

Hypertouch), FAC ¶ 110 (alleging Hypertouch received from defendants emails that "intentionally misrepresented . . . a material fact . . . with the intention of depriving a person of property or legal rights or otherwise causing injury"), FAC ¶ 111 (alleging defendants' emails have "harmed and continue to harm Hypertouch"); see also FAC ¶¶ 117, 128, 134 (alleging, respectively, that First, Second, and Third Causes of Action are based on all prior allegations in FAC).) As a consequence, Hypertouch's claims must be pleaded in conformity with Rule 9(b). See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (holding where plaintiff bases any claim on allegation defendant "engaged in fraudulent conduct," plaintiff is required to comply with Rule 9(b)). Because the FAC does not approach the level of particularity required by Rule 9(b), the FAC is subject to dismissal.[2] (See, e.g., FAC ¶ 121 (alleging "e-mail advertisements for or received from [d]efendants and/or their agents contained or were accompanied by the fraudulent and false use of a third-party's domain name," but not alleging the person(s) who specifically engaged in such conduct and how the use of a third-party domain name was "fraudulent and false").)[3]

Accordingly, each of the claims alleged in the FAC is subject to dismissal for failure to comply with Rule 9(b).

2. Contrary to Hypertouch's argument, the First Cause of Action, by which Hypertouch alleges violations of § 17529.5(a) of the California Business & Professions Code, is, in part, subject to dismissal as barred by the statute of limitations. In particular, the First Cause of Action includes both a claim for "actual damages" under § 17529.5(b)(1)(B)(i) and a claim for "liquidated damages" under § 17529.5(b)(1)(B)(ii).

---

[2] To the extent Hypertouch argues it is sufficient, for Rule 9(b) purposes, to provide examples of fraudulent statements and/or conduct, Hypertouch is incorrect. Even assuming, arguendo, its allegations pertaining to eleven specific emails referenced in the FAC would be sufficient to plead a claim sounding in fraud based on those eleven emails, "all averments of fraud" must be pleaded in conformity with Rule 9(b). See Vess, 317 F.3d at 1104.

[3] In light of the dismissal of the FAC, the Court has not addressed Azoogle's alternative requests for a more definite statement and for an order striking assertedly immaterial allegations.

1  The claim for liquidated damages is not, contrary to Hypertouch's argument, subject to the
2  four-year statute of limitations provided in § 17208. Section 17208 only applies to causes
3  of action set forth in Division 7, Part 2, Chapter 5, see Cal. Bus. & Prof. Code § 17208, and,
4  as Azoogle points out, § 17529.5 is set forth in a different chapter, specifically, Division 7,
5  Part 3, Chapter 1, see Cal. Bus. & Prof. Code § 17529.5. Consequently, the claim for
6  liquidated damages is subject to a one-year statute of limitations, because, if Hypertouch
7  establishes its claim, an award of liquidated damages is mandatory and, further, such
8  recovery would constitute a penalty because Hypertouch is entitled to recover both its
9  actual damages and an award of liquidated damages. See Cal. Code Civ. Proc.
10 § 340(a) (providing "action upon a statute for a penalty" is subject to one-year statute of
11 limitations); Cal. Bus. & Prof. Code § 17529.5(b)(1)(B) (providing where plaintiff
12 establishes violation of § 17529.5(a), plaintiff entitled to receive award of "liquidated
13 damages" of $1000 and its actual damages); G.H.I.I. v. MTS, Inc., 147 Cal. App. 3d 256,
14 277-79 (1983) (holding "statutes which provide for recovery of damages additional to actual
15 losses incurred" are "penal in nature"; stating that although claim for actual losses is subject
16 to § 338's three-year statute of limitations, claim for recovery of damages in addition to
17 actual losses is subject to § 340(a)'s one-year statute of limitations).[4]

18     Accordingly, to the extent Hypertouch's claim for liquidated damages is based on
19 Hypertouch's having received emails before April 15, 2007[5] (see FAC ¶¶ 39 (alleging
20 "[b]etween April 15, 2004 and continuing to the present, Hypertouch received over 380,000
21 e-mails attributable to [d]efendants")), the claim for liquidated damages included in the First

---

[4]Relevant case authority is contrary to Hypertouch's argument that the penalty provided under § 17529.5(b)(1)(B)(ii) is not "mandatory" because a court under some circumstances must reduce the amount of liquidated damages awarded thereunder. See TJX Cos. v. Superior Court, 163 Cal. App. 4th 80, 86 (2008) (holding claim for statutory penalty subject to one-year statute of limitations where, upon establishment of liability, penalty "must be imposed" even though "amount of the penalty is within the discretion of the court"). Further, Hypertouch's argument that a plaintiff has the option to chose whether to allege a claim for liquidated damages misses the point; if, as here, the plaintiff does allege such claim and, further, is able to establish a violation of § 17529.5(a), an award of liquidated damages is mandatory.

[5]The initial complaint was filed April 15, 2008.

3

Cause of Action is subject to dismissal without leave to amend.

3. Contrary to Azoogle's argument, the Court cannot find, from the face of the FAC and any judicially-noticeable documents, that Hypertouch's claims are barred, either in whole or in part, by a judgment entered on a final decision issued by the Superior Court of California against James Joseph Wagner ("Wagner") in an action Wagner filed against two of the defendants named herein. (See Def.'s Req. for Judicial Notice, filed September 9, 2008, Exs. A, B.) Specifically, the Court has insufficient evidence to determine at the pleading stage whether Hypertouch is the alter ego of or otherwise in privity with Wagner. See, e.g., Teitelbaum Furs, Inc. v. Dominion Ins. Co., 58 Cal.2d 601, 603-04 (1962) (holding plaintiffs' claim barred by "collateral estoppel," where plaintiffs' "alter ego" had previously litigated and lost same issue presented in plaintiffs' claim); Stafford v. Russell, 117 Cal. App. 2d 319, 320 (1953) (holding where plaintiff in second action "controlled" conduct of party in first action, plaintiff was "bound" by judgment entered in first action).

4. Contrary to Azoogle's argument, the Court cannot find, from the face of the FAC and any judicially-noticeable documents reflecting the dismissal with prejudice of two small claims actions filed by Hypertouch against Azoogle, that Hypertouch's claims are barred, either in whole or in part, by the doctrine of claim preclusion. (See Def.'s Req. for Judicial Notice, filed September 9, 2008, Ex. F, unnumbered fifth and sixth pages.) Although, contrary to Hypertouch's argument, the defense of claim preclusion can be based on a final judgment issued by a small claims court, see Pitzen v. Superior Court, 120 Cal. App. 4th 1374, 1381 (2004), and a dismissal with prejudice constitutes a final judgment for purposes of claim preclusion, see Roybal v. University Ford, 207 Cal. App. 3d 1080, 1085-86 (1989), Azoogle has not offered the complaints filed by Hypertouch in small claims court or otherwise established with "clarity and certainty" the nature of the claims that were asserted by Hypertouch therein. See Clark v. Bear Stearns & Co., 966 F.2d 1318, 1321 (9th Cir.1992) (holding "party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment").

//

4

5. Contrary to Azoogle's argument, the First Cause of Action, to the extent Hypertouch seeks to establish thereby Azoogle's liability for emails that do not advertise Azoogle's own products or services, is not subject to dismissal for failure to state a claim. Section 17529.5(a) makes it "unlawful for any person or entity to advertise in a commercial e-mail advertisement sent from California or sent to a California electronic mail address," where such advertisement contains certain false or misleading statements, see Cal. Bus. & Prof. Code § 17529.5(a), and includes no requirement that the "person or entity" must have been advertising its own products or services, see id.

6. Contrary to Azoogle's argument, the First Cause of Action, to the extent it is based on a violation of § 17529.5(a)(1), is not subject to dismissal without leave to amend as preempted by the CAN-SPAM Act of 2003, 15 U.S.C. §§ 7701-7713 ("CAN-SPAM"). Azoogle argues that a claim under § 17529.5(a)(1) is preempted where the plaintiff does not allege the defendant made a false statement and acted with a fraudulent intent. Here, however, Hypertouch's claim is based on the allegation that the subject emails contained "fraudulent and false" statements (see FAC ¶121) and that Azoogle acted with the intent to "trick" Hypertouch (see FAC ¶ 107). Although, as discussed above, Hypertouch has failed to allege its claims, including its claim under § 17529.5(a)(1), in conformity with Rule 9(b), Azoogle has not shown Hypertouch is unable to amend to allege a claim under § 17529.5(a)(1) that would not be preempted by CAN-SPAM.

7. Contrary to Azoogle's argument, the Third Cause of Action, by which Hypertouch alleges a claim for trespass to chattels, is not preempted by CAN-SPAM. See 15 U.S.C. § 7707(b)(2)(A) (providing CAN-SPAM does not preempt state "trespass" laws).

**CONCLUSION**

For the reasons stated above, Azoogle's motion is hereby GRANTED, and the First Amended Complaint is hereby DISMISSED, as follows:

1. To the extent the First Cause of Action includes a claim for liquidated damages based on violations of § 17529.5(a) occurring more than one year before the date the initial complaint was filed, the First Cause of Action is hereby DISMISSED without leave to

5

1 | amend.

2 | 2. In all other respects, the causes of action alleged in the FAC are hereby
3 | DISMISSED with leave to amend, specifically, to allege claims in conformity with Rule 9(b).

4 | 3. No later than April 10, 2009, Hypertouch may file a Second Amended Complaint.

5 | 4. The Case Management Conference is hereby CONTINUED from March 27, 2009
6 | to May 29, 2009; a Joint Case Management Statement shall be filed no later than May 22,
7 | 2009.

8 | **IT IS SO ORDERED.**

10 | Dated: March 19, 2009

MAXINE M. CHESNEY
United States District Judge

## PROOF OF SERVICE
F.R.C.P. 5 / C.C.P. § 1013a(3)/ Cal. R. Ct. R. 2.260

I am a resident of, or employed in, the County of Los Angeles. I am over the age of 18 and not a party to this action. My business address is: Steptoe & Johnson LLP, 633 West Fifth Street, Suite 700, Los Angeles, California 90071.

On **May 5, 2009,** I served the following listed document(s), by method indicated below, on the parties in this action: **NOTICE OF APPEAL**

*SEE ATTACHED SERVICE LIST*

☒ **BY U.S. MAIL**
By placing ☐ the original / ☒ a true copy thereof enclosed in a sealed envelope(s), with postage fully prepaid, addressed as per the attached service list, for collection and mailing at Steptoe & Johnson LLP, 633 W. Fifth Street, Suite 700, Los Angeles, California 90071, following ordinary business practices. I am readily familiar with Steptoe & Johnson LLP's practice for collection and processing of documents for mailing. Under that practice, the document is deposited with the United States Postal Service on the same day as it is collected and processed for mailing in the ordinary course of business.

☐ **BY OVERNIGHT DELIVERY**
By delivering the document(s) listed above in a sealed envelope(s) or package(s) designated by the express service carrier, with delivery fees paid or provided for, addressed as per the attached service list, to a facility regularly maintained by the express service carrier or to an authorized courier or driver authorized by the express service carrier to receive documents, who received these documents at 633 W. Fifth Street, Suite 700, Los Angeles, California, 90071.

☐ **BY PERSONAL SERVICE**
  ☐ By personally delivering and handing the document(s) listed above to the person(s) identified on the attached service list.
  ☐ By personally delivering the document(s) listed above to the office address(es) as shown on the attached service list and leaving said document(s) with a clerk or other person in charge, or if no one is in charge leaving it in a conspicuous place in the office(s).
  ☐ By personally delivering the document(s) listed above to the address(es) as shown on the attached service list and leaving said document(s) with someone of suitable age and discretion residing at said address(es).

☐ **BY ELECTRONIC SERVICE**
  **(via electronic filing service provider)**
By electronically transmitting the document(s) listed above to LexisNexis File and Serve, an electronic filing service provider at www.fileandserve.lexisnexis.com, from the email address _____@steptoe.com, at approximately _____. To my knowledge, the transmission was reported as complete and without error.

☐ **BY ELECTRONIC SERVICE**
  **(to individual persons)**
By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list from the email address _____@steptoe.com at approximately _____. To my knowledge, the transmission was reported as complete and without error.

☐ **BY FACSIMILE**
By transmitting the document(s) listed above from Steptoe & Johnson LLP in Los Angeles, California to the facsimile machine telephone number(s) set forth on the attached service list. Service by facsimile transmission was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as a courtesy to the parties.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **May 5, 2009** at Los Angeles, California.

_Monica Rubio_ _____ *Signature*
Type or Print Name

3
PLAINTIFF HYPERTOUCH, INC.'S NOTICE OF APPEAL — CV-08-04970 MMC

**SERVICE LIST**
*Hypertouch Inc. v. Azoogle, Inc., et al.*
Case No. CV08-03739 GHK

| | |
|---|---|
| Henry M. Burgoyne III, Esq.<br>Karl S. Kronenberger, Esq.<br>Jeffrey M. Rosenfeld, Esq.<br>Margarita Calpotura, Esq.<br>**KRONENBERGER BURGOYNE LLP**<br>150 Post Street, Suite 150<br>San Francisco, California  94108<br>Telephone: (415) 955-1155<br>Facsimile: (415) 955-1158<br>hank@kronenbergerlaw.com<br>karl@kronenbergerlaw.com<br>jeff@kronenbergerlaw.com<br>margarita@kronenbergerlaw.com | **ATTORNEYS FOR DEFENDANT<br>AZOOGLEADS.COM, INC.** |
| James G. Snell, Esq.<br>Sheila Marie Pierce, Esq.<br>**BINGHAM MCCUTCHEN LLP**<br>1900 University Avenue<br>East Palo Alto, California  94303-2223<br>Telephone: (650) 849-4882<br>Facsimile: (650) 849-4618<br>james.snell@bingham.com | **ATTORNEYS FOR DEFENDANT<br>QUICKEN LOANS INC.** |
| James V. Weixel, Jr.<br>**WEIXEL LAW OFFICE**<br>2370 Market Street, No. 133<br>San Francisco, California  94114<br>Telephone: (415) 682-9785<br>Facsimile: (866) 640-3918<br>appeals@jimweixel.com | **SUBSCRIBERBASE** |